Filed 9/6/13  P. v. Mercado CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057699 |
| v. | (Super.Ct.No. RIF1103878) |
| FREDDIE MERCADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Craig Riemer, Judge. Affirmed.

Susan K. Massey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Freddie Mercado of domestic violence (count 1—Pen. Code § 273.5, subd. (e)(1)),[1] assault by force likely to cause great bodily

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

injury (count 2—§ 245, subd. (a)(4)), and dissuading a witness (count 3—§ 136.1). Thereafter, defendant admitted a section 667.5, subdivision (b) enhancement.[2] The trial court sentenced defendant to five years' incarceration consisting of the midterm of four years on count 1; the midterm of three years on count 2, stayed pursuant to section 654; the midterm of two years on count 3, to be served concurrently; and an additional year on the section 667.5, subdivision (b) enhancement. We affirm the judgment.

**FACTUAL AND PROCEDURAL HISTORY**

Defendant was married to a woman with whom he had two sons. However, defendant had been involved in a relationship with the victim for three years. She had a restraining order against defendant at the time of the instant offenses. Defendnt had previously been convicted of domestic violence against the victim. During that incident, defendant awoke the victim with his hands around her neck, slapped the victim several times, and hit her in the face causing a black eye.

Despite the restraining order, the victim testified defendant lived in the victim's home. On April 17, 2011, defendant came to the victim's home to return the victim's car, which he had borrowed. Defendant left his two sons with the victim and departed. The victim was angry with defendant because he had not come home the night before and failed to return her car earlier; she believed he must have spent the night with his wife.

---

[2] Defendant waived his right to a jury trial on the section 667.5 subdivision (b) enhancement. The court granted defendant's motion that the enhancement be tried to the court after trial on the substantive counts.

Defendant returned after approximately two hours and asked her to go with him into a barn on the victim's property. After entering the barn, defendant and the victim started arguing. Defendant was angry with the victim because she had not fed his sons while he was gone.

The victim struck defendant in the head with a horse brush. Defendant then struck the victim several times. She attempted to push him away. Defendant put his hands around the victim's neck and started choking her. She began seeing stars and darkness. The victim told defendant she had urinated her pants; he kissed her and pushed her away.[3]

The victim ran into her house and changed her pants. She called the police from the neighbor's home. The People played an audio recording of the 911 call made by the victim that day. In it, the victim states "I have a restraining order against um, my ex-boyfriend, and he beat the shit out of me again today." She reported defendant had threatened her, choked her, and caused bruises on her neck and lump on her forehead. "Within five minutes of him getting there, he started pounding on me[.]"

Deputy Sheriff Harold Odom was dispatched to the neighbor's residence on April 17, 2011, in response to a reported instance of domestic violence. When he arrived he observed the victim "had been crying. Her face was still really red. Her eyes were red. She was still shaking. . . . I gave her a few minutes to calm down. She wiped her face off and then she started telling me exactly what happened." "She had several marks on

---

[3] The victim testified she did not actually urinate her pants, but used it as a ploy to get defendant to release her.

her—starting from the top on her head, her—right next to her eye, her neck, her—both her arms." "She smelled like urine." Gloria Davis, Project Manager of the Sexual Assault Response Team at Riverside County Regional Medical Center, testified involuntary urination is a physical symptom of strangulation. The victim had bruises on her arm and forearm, a bump on her forehead, and strangulation marks.

The victim told Odom defendant had punched her several times until she fell to the ground. Defendant then got on top of her. She then struck him six or seven times. Defendnt told her that for every time she hit him, he would hit her twice. Defendnt then started choking the victim; she began to see stars; she urinated her pants. Defendant let her up and, as she left the barn, he "threatened her that if she calls the cops he's going to kill her and he'll come back and make her disappear." During trial, the victim spoke to Odom and told him she feared retribution from defendant for her testimony.

Defendant reported to Odom that he and the victim had simply engaged in a verbal argument; no physical altercation had occurred between either of them. He did not have any visible injuries. Defendnt said the victim was mad because he had stayed out with her car all night at his wife's home. He said he left his children with her because he did not believe she would mind watching them; he said she could have at least fed them.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the

4

facts, and potential arguable issues and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

HOLLENHORST

J.

5